# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Jason Donald Schmidlkofer*
Case No. 3:20-cr-00065-TMB-MMS

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on the Defendant Jason Donald Schmidlkofer's Motion in Limine (the "Motion").[1] The United States opposes the Motion.[2] For the reasons discussed below, the Motion is **DENIED**.

Schmidlkofer is charged with Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and his case is set for trial by court on July 12, 2021.[3] In advance of trial, Schmidlkofer filed a Motion to Suppress "all evidence obtained as a result of the unlawful stop and seizure of Defendant[.]"[4] Following an evidentiary hearing, the Court adopted the Magistrate Judge's Final Report and Recommendation ("R&R") and denied Schmidlkofer's Motion to Suppress.[5]

In his Motion in Limine, Schmidlkofer argues that under the law of the case doctrine, the United States should not be permitted to put on evidence that should have been presented at the evidentiary hearing on Schmidlkofer's Motion to Suppress.[6] Specifically, Schmidlkofer argues "[t]he timing and circumstances of the seizure of the firearm are not relevant to element[s] of the crime and only serve to reopen the evidentiary hearing."[7] Schmidlkofer asks the Court to enter an order prohibiting the United States from eliciting testimony regarding: (1) the circumstances of Schmidlkofer's seizure; (2) the timing of Schmidlkofer's seizure and the seizure of the firearm, "including when and where the firearm was first observed"; and (3) "[t]he actions of the officers before and up to the actual seizure of [Schmidlkofer's] firearm[.]"[8] Instead, Schmidlkofer argues, the United States need only present officer testimony that Schmidlkofer possessed the firearm in question.[9]

---

[1] Dkt. 81 (Motion).
[2] Dkt. 82 (Opposition).
[3] Dkts. 2 (Indictment); 76 (Order Dismissing Count 2 of the Indictment); 79 (Minute Entry re Final Pretrial Conference).
[4] Dkt. 30 (Motion to Suppress).
[5] Dkts. 48 (Minute Entry re Evidentiary Hearing); 51 (Tr. Evidentiary Hearing); 68 (Final R&R); 75 (Text Order Adopting Final R&R).
[6] Dkt. 81 at 1, 3–4.
[7] *Id.* at 2.
[8] *Id.* at 1–2.
[9] *Id.* at 4.

1

The United States opposes the Motion, arguing that the law of the case doctrine "applies to prior legal rulings but does not preclude the government from introducing the same evidence when a different question of law is presented," as it seeks to do in this case.[10] The United States assures the Court that it has no intention of "reopen[ing]" the Motion to Suppress; instead, it plans to introduce evidence to prove each element of the offense beyond a reasonable doubt.[11] Insofar as there is factual overlap between evidence presented at the evidentiary hearing and evidence that goes to the elements of the charged offense, the United States argues it intends to introduce any relevant and admissible evidence.[12]

The United States argues that it should not be prevented from introducing evidence regarding the circumstances surrounding law enforcement officers' arrival on the scene, their observations of the scene and of the firearm, and their actions on the scene.[13] The United States contends this evidence and associated lines of inquiry "are highly relevant" to the *mens rea* element of the Felon in Possession charge.[14] Moreover, the United States argues it may prove its case by evidence of its own choice.[15] Finally, the United States notes it faces different legal burdens at the evidentiary hearing, as opposed to trial, and that "[e]vidence offered at the evidentiary hearing which may have established reasonable suspicion for the seizure does not necessarily establish the elements of the crime beyond a reasonable doubt."[16]

Here, neither the parties nor the Court are "reopening" or relitigating the Court's order denying Schmidlkofer's Motion to Suppress. Additionally, the law of the case doctrine does not function to prevent the United States from introducing relevant, otherwise admissible evidence to prove the elements of the offense charged.[17] Rather, the United States is generally permitted to introduce relevant and admissible evidence and to present its case in a manner and by evidence of its choosing.[18] Evidence regarding the circumstances and timing of Schmidlkofer's seizure, the seizure of the firearm, and officers' actions and observations at the scene is relevant to the case and would be admissible, absent an exception under the United States Constitution, federal law, or the federal rules.[19] The Court will not preemptively exclude such evidence, and the parties may object to the introduction of such evidence at trial with citation to the relevant authority.

---

[10] Dkt. 82 at 5.
[11] *Id.* at 1–2, 5.
[12] *Id.* at 1–2.
[13] *Id.* at 2–3.
[14] *Id.* 2–4.
[15] *Id.* at 4.
[16] *Id.* at 5–6.
[17] *See Old Person v. Brown*, 312 F.3d 1036, 1039 (9th Cir. 2002) ("Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case.") (citation and internal quotation marks omitted); *Minidonka Irrigation Dist. v. Dep't of Interior*, 406 F.3d 567, 573 (9th Cir. 2005).
[18] Fed. R. Evid. 401; *Old Chief v. United States*, 519 U.S. 172, 186 (1972).
[19] *See* Fed. R. Evid. 402.

Accordingly, for the foregoing reasons, the Motion at Docket 81 is **DENIED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: July 9, 2021.