# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    v.<br><br>JASON DONALD SCHMIDLKOFER,<br><br>               Defendant. | Case No. 3:20-cr-00065-TMB-MMS-1<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND VERDICT** |

## I. INTRODUCTION

This matter came before the Court on a bench trial, which commenced and ended on July 12, 2021.[1] The United States of America charged Defendant Jason Donald Schmidlkofer with one count of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 1) and one count of Possession of a Firearm in Furtherance of a Federal Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 2).[2] The United States subsequently moved to dismiss Count 2, and the Court granted the motion.[3] The bench trial only concerned Count 1, the Felon in Possession charge.[4] At the conclusion of the trial, the Court took the matter under advisement for deliberation and decision. Having heard and carefully considered the evidence and argument presented at trial and all briefings and stipulations, and in accordance with Federal Rule of Criminal Procedure ("Rule") 23(c), the Court now renders its verdict.

---

[1] Dkt. 85 (Minute Entry).

[2] Dkt. 2 (Indictment).

[3] Dkts. 73 (Mtn. to Dismiss Count 2); 76 (Text Order Granting M to Dismiss Count 2).

[4] *See* Dkt. 70 (United States Trial Brief).

## II. PROCEDURAL HISTORY

This criminal action arises out of the United States' allegation that on or about January 21, 2020, Defendant, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate and foreign commerce, a firearm.

Defendant filed a Motion to Suppress Evidence from a stop that occurred on January 21, 2020.[5] Defendant argued that the stop and seizure of Defendant was unlawful under the Fourth Amendment to the United States Constitution.[6] An evidentiary hearing on the Motion to Suppress was held on March 26, 2021, before U.S. Magistrate Judge Matthew Scoble.[7] The Magistrate Judge issued his Initial Report and Recommendation ("Initial R&R") on June 4, 2021.[8] Defendant filed an objection to the Initial R&R, and the United States filed a response to Defendant's objection.[9] The Magistrate Judge issued his Final Report & Recommendation ("Final R&R") on June 29, 2021, which the Court adopted in its entirety, denying the Motion to Suppress.[10]

Prior to trial, Defendant filed a Motion in Limine seeking to prohibit the United States from eliciting testimony on the "circumstances of the seizure of Defendant[,]" "timing of the seizure of Defendant and of the firearm including when and where the firearm was first observed[,]" and

---

[5] Dkt. 30 at 1 (Motion to Suppress).

[6] *Id.*

[7] Dkt. 48 (Minute Entry).

[8] Dkt. 63 (Initial R&R).

[9] Dkts. 64 (Defendant's Objection to Initial R&R); 65 (United States Reply).

[10] Dkts. 68 (Final R&R); 75 (Text Order Adopting Final R&R and Denying Motion to Suppress).

"[t]he actions of the officers before and up to the actual seizure of Defendant's firearm[.]"[11] The United States opposed the Motion in Limine, and the Court subsequently denied the motion.[12]

Defendant waived his right to trial by jury in writing.[13] The United States consented and the Court approved the same as required by Rule 23, allowing the case to be tried by the Court.[14] The Court issued an order setting forth its analysis as to why the case should proceed to trial on July 12, 2021.[15] A one-day bench trial took place on July 12, 2021.[16]

### III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to 18 U.S.C. § 922(g)(1), "[i]t shall be unlawful for any person . . .who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." For Defendant to be found guilty of Felon in Possession of a Firearm under Section 922(g)(1), the United States must prove four elements beyond a reasonable doubt:

(1) the Defendant knowingly possessed a Bersa .380 semiautomatic pistol;

(2) the Bersa .380 semiautomatic pistol had been shipped or transported from outside of the State of Alaska;

---

[11] Dkt. 81 at 1–2 (Motion in Limine).

[12] Dkts. 82 (Opposition to Motion. in Limine); 83 (Order Denying Motion in Limine).

[13] Dkt. 80 (Waiver).

[14] *Id.*

[15] Dkt. 84 (Order re: Trial Scheduling).

[16] Dkt. 85.

(3) at the time the Defendant possessed a Bersa .380 semiautomatic pistol, the Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

(4) at the time the Defendant possessed a Bersa .380 semiautomatic pistol, the Defendant knew that he had been convicted of such crime.[17]

At trial, Defendant stipulated[18] to the first element of the crime, that he knowingly possessed a firearm, to wit a Bersa .380 semiautomatic pistol with serial number G82986. Trial was held on the remaining three elements.

**A. Factual Findings**

The evidence presented by the United States at the July 12, 2021, bench trial established, beyond a reasonable doubt, each of the contested elements of Count 1 of the Indictment.

As to the second element of the offense, the United States established that the Bersa .380 semiautomatic pistol, serial number G82986, had been shipped or transported from outside of the State of Alaska. At trial the United States called Special Agent ("SA") Sarah Lynn Foreman with the Bureau of Alcohol, Tobacco, Firearms, and Explosives in Anchorage, Alaska. SA Foreman was qualified as an expert in interstate nexus in firearms and ammunition and testified that she performed an interstate nexus analysis on the Bersa .380 semiautomatic pistol photographed in Government Exhibits 7–10. SA Foreman concluded that the firearm traveled in interstate commerce because the firearm was made in Argentina and imported in New Jersey before traveling into Alaska. SA Foreman testified that the ammunition accompanying the firearm was

---

[17] *See United States v. Benamor*, 937 F.3d 1182, 1186 (9th Cir. 2019); *Rehaif v. United States* 139 S. Ct. 2191, 2194 (2019); Ninth Circuit Model Inst. 8.65A (2019).

[18] *See United States v. Bazuaye*, 240 F.3d 861, 864 (9th Cir. 2001) (stipulated facts may be used to establish elements of the crime beyond a reasonable doubt); *United States v. Courville*, 805 F. App'x 519, 520 (9th Cir. May 18, 2020) (mem. op.) (facts admitted during bench trial by stipulation).

4

manufactured in Utah. The United States also introduced, and the Court admitted, SA Foreman's Investigation Report regarding her Firearm and Ammunition Interstate Nexus Determination as Exhibit 12. The Determination at Exhibit 12 describes the Bersa .380 semiautomatic pistol and her findings. Based on the testimony of SA Foreman and aforementioned exhibits, the Court finds that the United States established beyond a reasonable doubt that Bersa .380 semiautomatic pistol, serial number G82986, had been shipped or transported from outside of the State of Alaska and traveled in interstate commerce.

As to the third element of the offense, the United States established that at the time the Defendant possessed a Bersa .380 semiautomatic pistol, the Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. At trial the United States called Samuel McKinstry, who works as an officer for U.S. Probation and Pretrial Services in Anchorage, Alaska. Officer McKinstry testified that he had contact with Defendant. Officer McKinstry stated that he set up housing for Defendant when he started supervised release in connection with a different case. Exhibits 14, 16, 17, 18, 19 were introduced by the United States and admitted by the Court. Officer McKinstry testified as to the contents of Exhibit 19, the Judgment in a Criminal Case, *United States v. Jason Donald Schmidlkofer*, No. 3:15-cr-00103-03-SLG-DMS-3 (closed on July 8, 2016). Officer McKinstry testified that Exhibit 19 contains conditions of supervised release in connection with that case. Officer McKinstry testified that based on his experience, the offense listed in Exhibit 19, Conspiracy to Defraud the Government with Respect to Claims in violation of 18 U.S.C. § 286, is a felony offense. Exhibit 19 was signed on July 8, 2016, and states that Defendant was sentenced to 56 months of imprisonment and three years of supervised release. Exhibit 18 is a Minute Entry detailing the Court's imposition of sentence in *United States v. Jason Donald Schmidlkofer*, No. 3:15-cr-00103-03-SLG-DMS-3.

As to the fourth element of the offense, Officer McKinstry testified as to the contents of Exhibit 17, which is a written Acknowledgment of Conditions signed by both Defendant and Officer McKinstry on September 19, 2019. Officer McKinstry testified that he went over the conditions in the Judgment with Defendant. He then testified as to the contents of Exhibit 16, the Firearms and Explosives Notice, which was signed by both Defendant and Officer McKinstry on September 19, 2019. Exhibit 16 states that Defendant understands he has been convicted of a felony and that he is prohibited from possessing a firearm in accord with 18 U.S.C. § 922(g). Officer McKinstry testified that he reviewed the Firearms and Explosives Notice with Defendant. Based on the testimony of Officer McKinstry and Government Exhibits 14, 16, 17, 18, and 19, the Court finds that the United States established beyond a reasonable doubt that Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year and that at the time the Defendant possessed a Bersa .380 semiautomatic pistol, the Defendant knew that he had been convicted of such crime.

### B. Conclusions of Law

After consideration of the parties' stipulation and evidence presented, the Court finds that the United States established beyond a reasonable doubt that Defendant knowingly possessed a Bersa .380 semiautomatic pistol; the Bersa .380 semiautomatic pistol had been shipped or transported from outside of the State of Alaska; at the time the Defendant possessed a Bersa .380 semiautomatic pistol, the Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and at the time the Defendant possessed a Bersa .380 semiautomatic pistol, the Defendant knew that he had been convicted of such crime. Accordingly, Defendant Jason Donald Schmidlkofer is **GUILTY** of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) as charged in the Indictment.

## IV. VERDICT

Accordingly, for the reasons set forth herein, the Court finds Defendant Jason Donald Schmidlkofer **GUILTY** of Count One of the Indictment.[19]

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 21st day of September, 2021.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[19] Dkt. 2.